IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| -vs- | ) | Criminal No. 07-100 |
| | ) | |
| | ) | |
| EVELYN LEVINER, | ) | |

# MEMORANDUM AND ORDER OF COURT

CONTI, District Judge.

Pending before the court is a motion for a sentence reduction ("Motion") (ECF No. 616), filed by defendant Evelyn Leviner ("defendant" or "Leviner"), based upon the Fair Sentencing of 2010 ("Fair Sentencing Act"), Pub. L. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act changed the drug amount which triggered a mandatory minimum term of ten years' imprisonment for the offense for which Leviner was convicted.

On October 3, 2007, defendant pled guilty to possession with intent to distribute and distribution of 50 grams or more of cocaine base, in a form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On January 4, 2008, defendant was sentenced to a mandatory minimum of one hundred and twenty months' imprisonment, pursuant to the statute in effect at the time of defendant's offense for the amount of drugs involved in her offense.

On August 3, 2010, the Fair Sentencing Act was enacted. The Fair Sentencing Act reduced penalties for crack cocaine offenses and directed the United States Sentencing Commission to review and within ninety days amend the advisory sentencing guidelines to

account for the reductions. On November 1, 2010, the relevant amendments to the guidelines became effective. Under the statutory amendments, the mandatory minimum sentence to which Leviner was subject would be lowered from ten years to five years. In essence, Leviner requests the court to reduce her sentence by retroactively applying the Fair Sentencing Act.

"There is no express retroactive provision in the Fair Sentencing Act." United States v. Crews, Crim. No. 06-418, 2010 WL 5178017, at * 1 (W.D. Pa. Dec. 20, 2010) (citing United States v. Reevey, No. 10-1812, 2010 WL 5078239, at *3 (3d Cir. Dec. 14, 2010) ("The [Fair Sentencing Act] does not contain an express statement that the increase in the amount of crack cocaine triggering the [ten]-year mandatory minimum is to be applied to crimes committed before the [Fair Sentencing Act's] effective date.") (nonprededential opinion). Therefore, this court "must apply the statutory provisions in effect on the date of the offense committed by [Levine]." Id. at *5 (citing United States v. Jacobs, 919 F.2d 10 (3d Cir. 1990) (requiring that for an amendment to be retroactive a provision for retroactivity must be expressly set forth in the statute). Because, the mandatory minimum sentence was one hundred and twenty months in 2007 – the time Levine committed the offense for which she was convicted - this court cannot grant Levine's request to apply retroactively the Fair Sentencing Act of 2010.

**AND NOW**, this 4th day of February, 2011, upon consideration of defendant's Motion, the government's response thereto (ECF No. 621), and for the reasons set forth above, it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
U. S. District Judge